UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:  11-CV-734-ORL-22-GJK

BANK OF AMERICA, N.A.

    Plaintiff,

vs.

ROBERT G. DELLO RUSSO and
STEPHEN ROMINGER,

    Defendants.
_____/

**<u>DEFENDANT, STEPHEN ROMINGER'S</u>**
**<u>ANSWER AND AFFIRMATIVE DEFENSES</u>**

    COMES NOW Defendant, STEPHEN ROMINGER (hereafter Rominger"), by and through his undersigned attorney, and hereby file this, his Answer and Affirmative Defenses, and states as follows:

1. Without knowledge and therefore denied.

2. Without knowledge and therefore denied.

3. Admitted that Rominger is an adult and over the age of 21 and resides in Florida.  The remainder of the allegations in this paragraph are denied.

4. Without knowledge and therefore denied.

5. Without knowledge and therefore denied.

6. Without knowledge and therefore denied.

7. Without knowledge and therefore denied.

8. Without knowledge and therefore denied.

9. Without knowledge and therefore denied.

10. Without knowledge and therefore denied.

11. Without knowledge and therefore denied.

12. Without knowledge and therefore denied.

13. Admitted that Rominger executed a guaranty (hereafter "Rominger Guaranty"). The remainder of the allegations in this paragraph are denied.

14. Admitted that the documents speak for themselves.

15. Without knowledge and therefore denied.

16. Without knowledge and therefore denied.

17. Without knowledge and therefore denied.

18. Denied.

19. Denied.

20. Denied.

21. Without knowledge and therefore denied.

22. Without knowledge and therefore denied.

## COUNT I – BREACH OF GUARANTY
## (Robert G. Dello Russo)

23. Defendant re-alleges and incorporates his response to Paragraphs 1 through 22 above as if set forth fully herein. The remaining allegations in Count I do not require a response from Stephen Rominger. To the extent a response is required, Stephen Rominger is without knowledge and therefore denies each allegation in this Count.

## COUNT II – BREACH OF GUARANTY
### (Stephen Rominger)

32. Defendant realleges and incorporates his responses to Paragraphs 1 through 31 above as if set forth fully herein.

33. Admitted for jurisdictional purposes only.

34. Denied.

35. Denied.

36. Denied.

37. Without knowledge and therefore denied.

38. Denied.

39. Without knowledge and therefore denied.

40. Denied. Plaintiff failed to provide any consideration for the Rominger Guaranty. Plaintiff has also failed to properly make any demand for payment on Rominger.

41. Rominger reserves the right to amend its response as further facts or causes of action are revealed during the discovery process.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

42. The Rominger guaranty is not supported by any consideration. Pursuant to Florida law, a guaranty is a contract which, like all contracts, must be supported by consideration. As set forth in Plaintiff's allegations, the Rominger guaranty was made years after the execution of the original loan documents which it allegedly guarantees.

The original loan documents attached as exhibits to Plaintiff's complaint were executed by the "American Companies" Defendants beginning in 2005. As demonstrated by the Plaintiff's exhibits, Rominger was never a signatory on any of the "Loan Documents" and his signature was not a condition to the original loan transaction. Furthermore, Plaintiff makes no legal or factual allegations that Rominger was ever an officer or principal in any of the American Companies. In fact, Plaintiff fails to identify any relationship between the American Companies and Rominger or any basis for requiring the execution of the Rominger Guaranty. Given the passage of time between the original loan documents and the Rominger guaranty together with the absence of any legal nexus between the original loan documents and the need for the Rominger guaranty, Plaintiff cannot demonstrate that the Rominger guaranty was an essential requirement for the loan given to the American Companies. The Rominger guaranty did not form a part of the original loan transaction. Consequently, the Rominger guaranty must be supported by a new and independent consideration. Plaintiff fails to allege that Rominger received any money or anything of value in return for executing the Rominger guaranty.

The only allegation regarding consideration received by Rominger in exchange for the execution of the Rominger guaranty is the boilerplate language contained in the Rominger guaranty which alleges Rominger executed the Rominger guaranty "[ ] in consideration of the premises and for other good and valuable consideration…" However, nowhere in the original loan documents sued upon is there any evidence that would support Plaintiff's claim. Florida law has long held that if a guaranty is entered into at the time of the creation of the principal obligation and constitutes an essential

condition of the credit given to the debtor, the consideration for the principal debt becomes the consideration for the guaranty. Conversely, where a guaranty is executed subsequent to the principal contract, and was not a part or condition of that transaction, the guaranty must be supported by new consideration. Nowhere in its allegations does Plaintiff allege that the Rominger guaranty was ever a condition of the making of the original loan. Furthermore, Plaintiff fails to identify how or why the Rominger guaranty was legally or factually required for any of the loan transactions.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint improperly incorporates by reference not only the paragraphs contained in the Complaint's preliminary allegations but also all of the paragraphs contained in the preceding count. This type of pleading practice is improper and the count against Rominger should be dismissed with leave to amend so that Plaintiff can provide a short plain statement of ultimate facts. See Gerentine v. Coastal Sec. Systems, 529 So.2d 1191 (Fla. 5th DCA 1988); Frugoli v. Winn-Dixie Stores, 464 So. 2d 1292 (Fla. 1st DCA 1985). See also, Chaires v. North Florida National Bank, 432 So.2d 183 (Fla. 1st DCA 1983).

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 17, 2011, the foregoing document was filed electronically and served via the Court's CM/ECF system to: BLAKE J. DELANEY, ESQUIRE, 401 East Jackson Street, Suite 2500, Tampa, Florida 33602.

/s/ Stephen H. Price
STEPHEN H. PRICE, ESQUIRE
Trial Counsel
Florida Bar No.: 956937
CRAMER, PRICE & de ARMAS, P.A.
1411 Edgewater Drive, Suite 200
Orlando, Florida 32804
Tel.: (407) 843-3300
Fax: (407) 843-6300
E-Mail: sprice@cramerprice.com
Attorneys for Defendants, de Armas.