UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BANK OF AMERICA, N.A.,

    Plaintiff,

vs.                              CASE NO.: 6:11-CV-734-ORL-22-GJK

ROBERT G. DELLO RUSSO and
STEPHEN ROMINGER,

    Defendants.
_____/

## ROBERT G. DELLO RUSSO'S ANSWER AND DEFENSES

Defendant ROBERT G. DELLO RUSSO ("Defendant" or "Dello Russo"), answers and asserts the following defenses to the Complaint of Plaintiff, BANK OF AMERICA, N.A. ("Plaintiff"), and states:

1. Dello Russo is without knowledge as to the allegations set forth in Paragraph 1 and therefore denies same.

2. Admitted.

3. Dello Russo is without knowledge as to the allegations set forth in Paragraph 3 and therefore denies same.

4. Dello Russo admits only that this Court has jurisdiction, but otherwise denies the allegations set forth in Paragraph 4.

5. Dello Russo admits only that venue is proper in this judicial district, but otherwise denies the allegations set forth in Paragraph 5.

## BACKGROUND FACTS

6. Dello Russo admits only that Exhibit A speaks for itself and denies all other allegations set forth in Paragraph 6.

7. Dello Russo admits only that Exhibit A speaks for itself and denies all other allegations set forth in Paragraph 7.

8. Dello Russo admits only that Exhibit B speaks for itself and denies all other allegations set forth in Paragraph 8.

9. Dello Russo is without knowledge as to the allegations set forth in Paragraph 9 and therefore denies same.

10. Dello Russo admits only that Exhibits C, D, and E speak for themselves and denies all other allegations set forth in Paragraph 10.

11. Dello Russo admits only that Exhibit F speaks for itself and denies all other allegations set forth in Paragraph 11.

12. Dello Russo admits only that Exhibit F speaks for itself and denies all other allegations set forth in Paragraph 12.

13. Dello Russo admits only that Exhibit G speaks for itself and denies all other allegations set forth in Paragraph 13.

14. Dello Russo admits only that Exhibit G speaks for itself and denies all other allegations set forth in Paragraph 13.

15. The allegations set forth in Paragraph 15 merely define certain terms; thus, no response is necessary.

16. Dello Russo admits only that Exhibit H speaks for itself and denies all other allegations set forth in Paragraph 16.

17. Dello Russo is without knowledge as to the allegations set forth in Paragraph 17 and therefore denies same.

18. Denied.

19. Denied.

20. Denied.

21. Dello Russo is without knowledge as to the allegations set forth in Paragraph 21 and therefore denies same.

22. Denied.

## COUNT I – BREACH OF GUIRANTY
### (Robert G. Dello Russo)

23. Dello Russo realleges and incorporates by reference his responses set forth in paragraphs 1-22 above as though fully alleged and set forth herein.

24. Dello Russo admits only that this purports to be an action in excess of the jurisdictional amount, but otherwise denies all other allegations set forth in Paragraph 24.

25. Dello Russo admits only that the Dello Russo Guaranty speaks for itself and denies all other allegations set forth in Paragraph 25.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## COUNT II – BREACH OF GUIRANTY
### (Stephen Rominger)

32. Dello Russo realleges and incorporates by reference his responses set forth in paragraphs 1-22 above as though fully alleged and set forth herein.

33. Count II does not set forth any allegations or cause of action pertaining to Dello Russo; thus, no response is required. To the extent any response is required, Dello Russo denies the allegations set forth in Paragraphs 33-40.

## GENERAL DENIAL

34. Dello Russo denies each and every allegation and prayer of the Complaint not specifically admitted above.

## DEFENSES

## FIRST AFFIRMATIVE DEFENSE

35. Dello Russo affirmatively alleges and asserts that Plaintiff's claim is barred by the doctrine of payment. Among other things, when the American Companies became unable to meet certain obligations under the loans, Dello Russo personally paid for certain American Companies' liabilities in an amount exceeding the maximum liability under the Dello Russo Guaranty. These payments were made at the request of Plaintiff's predecessor-in-interest (Fifth Third Bank).

## SECOND AFFIRMATIVE DEFENSE

36. Dello Russo affirmatively alleges and asserts that Plaintiff's claim is barred by the doctrine of estoppel as a result of Plaintiff's conduct. Among other things, Plaintiff's predecessor-in-interest (Fifth Third Bank) represented to Dello Russo that it would reduce the amount of the Dello Russo Guaranty if Dello Russo personally funded American Companies, including personally paying for certain American Companies' liabilities. Dello Russo relied on these representations to his detriment.

## THIRD AFFIRMATIVE DEFENSE

37. Dello Russo affirmatively alleges and asserts that Plaintiff's claim is barred by the doctrine of waiver as a result of Plaintiff's conduct. Among other things, Plaintiff's predecessor-in-interest (Fifth Third Bank) intentionally relinquished any rights to pursue Dello Russo under the Dello Russo Guaranty by agreeing to reduce the amount of the Dello Russo Guaranty to the extent Dello Russo personally funded American Companies, including personally paying for certain American Companies' liabilities. Dello Russo subsequently personally funded American Companies, including personally paying for certain American Companies' liabilities, in an amount exceeding the maximum liability under the Dello Russo Guaranty.

## FOURTH AFFIRMATIVE DEFENSE

38. Dello Russo affirmatively alleges and asserts that Plaintiff's claim is barred by the doctrine of accord and satisfaction. Among other things, Plaintiff's predecessor-in-interest (Fifth Third Bank) and Dello Russo mutually intended to effect

settlement of certain liabilities by reaching a superseding agreement, pursuant to which Dello Russo was to personally fund American Companies, including personally pay for certain American Companies' liabilities, in return for satisfaction and discharge of any obligations under the Dello Russo Guaranty. Dello Russo subsequently personally funded American Companies, including personally paying for certain American Companies' liabilities, in an amount exceeding the maximum liability under the Dello Russo Guaranty.

## FIFTH AFFIRMATIVE DEFENSE

39. Dello Russo affirmatively alleges and asserts that Plaintiff's claim is barred by the doctrine of novation. Among other things, Plaintiff's predecessor-in-interest (Fifth Third Bank) and Dello Russo mutually agreed to discharge, cancel, and extinguish Dello Russo's obligations under the Dello Russo Guaranty and replace those obligations with certain obligations that Dello Russo personally fund American Companies, including personally pay for certain American Companies' liabilities. Dello Russo subsequently personally funded American Companies, including personally paying for certain American Companies' liabilities, in an amount exceeding the maximum liability under the Dello Russo Guaranty.

## SIXTH AFFIRMATIVE DEFENSE

40. Dello Russo affirmatively alleges and asserts that Plaintiff's claim is barred by the prior breach of the covenant of good faith and fair dealing, including the conduct described in Paragraphs 35-38 above.

## **SEVENTH AFFIRMATIVE DEFENSE**

41. Dello Russo affirmatively alleges and asserts that Plaintiff's claim should be reduced to the extent that Plaintiff failed to mitigate its damages. For instance, upon information and belief, Dello Russo alleges that the sale referenced in Paragraph 21 of the Complaint was not commercially reasonable.

WHEREFORE, having answered Plaintiff's Complaint and having asserted the foregoing affirmative defenses, Dello Russo respectfully demands: (a) strict proof of all allegations denied by Dello Russo; and (b) that judgment be entered in favor of Dello Russo, ordering that Plaintiff shall recover nothing from Dello Russo, that Dello shall go hence without day, and awarding Dello Russo attorneys' fees, costs, and interest against Plaintiff.

Dated this 30th day of August, 2011.

*s/ Benjamin Webster*
**Tucker H. Byrd, Esq.**
Florida Bar No. 381632
**Benjamin A. Webster, Esq.**
Florida Bar No. 045167
**MORGAN & MORGAN, P.A.**
**Business Trial Group**
20 North Orange Avenue, Suite 1000
Orlando, FL 32801
Telephone: (407) 244-1414
Facsimile: (407) 418-2048
Email: TByrd@BusinessTrialGroup.com
Email: BWebster@BusinessTrialGroup.com
*Attorneys for Robert G. Dello Russo*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of August, 2011, a true and correct copy of the foregoing has been furnished via the CM/ECF system which will send a notice of electronic filing to all ECF registered counsel who have appeared in this action.

                                          *s/ Benjamin Webster*
                                              Attorney